LEONARDO M. RAPADAS
United States Attorney
ERIC S. O'MALLEY
Assistant United States Attorneys
DISTRICT OF THE NORTHERN
  MARIANA ISLANDS
Horiguchi Building, Third Floor
P.O. Box 500377
Saipan, MP 96950
Telephone: (670) 236-2982
Fax:       (670) 236-2985

Attorneys for United States of America

FILED
Clerk
District Court

JUN 25 2007

For The Northern Mariana Islands
By_____
      (Deputy Clerk)

UNITED STATES DISTRICT COURT

NORTHERN MARIANA ISLANDS

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 07-000016 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | PLEA AGREEMENT |
| REDOR, ARMAN ABBOT, | ) | |
| Defendant. | ) | |

Under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA and Defendant, ARMAN ABBOT REDOR, have reached the following Agreement:

1. Defendant will plead guilty to Count One of the Indictment, which charges Defendant with a violation of Title 18, United States Code, Section 371, in connection with a conspiracy to commit offenses against the United States, to wit, to submit false, fictitious and fraudulent claims against the United States in violation of Title 18, United States Code, Section 287, and to aid, assist, counsel, procure and advise tax fraud in violation of Title 26, United States Code, Section 7206(2), from in or about February 2007 through April 2007, in the District of the Northern Mariana Islands.

a. Defendant agrees that the time between the filing of this Agreement and the date Defendant is sentenced following the change of plea is excludable under the Speedy Trial Act, 18 U.S.C. § 3161.

b. Upon execution of this Agreement, Defendant will cooperate with the United States as follows:

i. Defendant will meet with government representatives as often as necessary to provide information, answer questions, prepare for court or other official proceedings, and such other purposes as deemed necessary by the government to fulfill his responsibilities under this Agreement;

ii. Defendant will appear and testify in any and all legal proceedings, including, but not limited to, grand jury, pre-trial, trial, re-trial, and sentencing proceedings; and

iii. Defendant understands that any and all statements, information, and testimony that he provides must at all times be complete and truthful. If, at any time, Defendant willfully provides statements, information, or testimony that is less than complete and truthful, Defendant shall be subject to prosecution for doing so, including, but not limited to, prosecution for making a false statement, obstruction of justice, and perjury.

2. In exchange for Defendant's plea of guilty, the government will recommend that the Court impose the following sentence:

a. The government will recommend that the Court impose a term of imprisonment within the range provided by the United States Sentencing Guidelines ("U.S.S.G." or "guidelines"), not including probation or a split-sentence even if provided by the guidelines, provided that Defendant does not seek a sentence below the guidelines range for any reason.

b. The government is free to recommend any combination and amount of

supervised release, fines and restitution which it deems appropriate.

    c. If the government, in its sole discretion, determines that Defendant has provided substantial assistance in the investigation or prosecution of another person, the government will file a motion under § 5K1.1 of the guidelines asking the Court to impose a sentence below the guideline range.  Defendant understands that the substantial assistance determination is solely up to the Office of the United States Attorney.  Defendant also understands that the Court alone makes all sentencing decisions, including the sentence to be imposed.  The government makes no promise or representation about what sentence it will recommend if it makes such a determination or what sentence the Court will impose.

  3. For purposes of determining the offense level under the guidelines:

    a. The government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under § 3E1.1(a) provided Defendant continues to demonstrate acceptance of responsibility through sentencing.

    b. The government agrees to recommend a one-level reduction in the offense level for timely acceptance of responsibility under § 3E1.1(b) if, and only if, the Defendant notifies the government of his intent to enter a plea of guilty pursuant to this Agreement on or before June 20, 2007.

    c. Except as provided in paragraphs 3 and 4, the parties have made no agreement concerning the guidelines or their application to this case.  Both the United States and Defendant reserve their rights to argue and present evidence on all matters affecting the guidelines calculation.

  4. The parties stipulate and agree to the following facts:

      a.      That U.S.S.G. § 2T1.1 is applicable;

      b.      That the loss to the United States was $71,892.45;

      c.      That the Base Offense Level under U.S.S.G. § 2T1.1(a), and according to the table found at U.S.S.G. § 2T4.1, is 14.

5.    Defendant understands that the guidelines are not binding on the Court. The Court must consult the guidelines but they are only advisory. Defendant also understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations or agreements concerning facts, the offense level or adjustments under the guidelines, or the government's recommendations. The Court, in its discretion, may impose any reasonable sentence up to and including the maximum penalties set by law after taking into account the factors enumerated in 18 U.S.C. § 3553(a). Defendant is further advised and further understands that even if the Court's guideline determinations and sentence are different than Defendant expects, Defendant will not be allowed to withdraw his plea of guilty.

6.    The maximum penalties for the offense to which Defendant is pleading guilty are:

      a.      Five years' imprisonment;

      b.      a fine of $250,000 or the greater of twice the loss to the United States or the gain to Defendant;

      c.      a term of supervised release of three years; and

      d.      a mandatory special assessment of $100.

7.    Defendant agrees to pay the mandatory special assessment by returning this signed Agreement to the United States Attorney's Office along with a money order or certified check,

payable to the Clerk, United States District Court, District of the N.M.I..

8. Defendant is advised and understands that to establish a violation of Title 18, United States Code, Section 371, conspiracy to commit offenses against the United States, as charged in Count One of the Information, the government must prove each of the following elements beyond a reasonable doubt:

    a. First, beginning in or about February 2007, and ending in or about April 2007, there was an agreement between two or more persons to commit at least one crime as charged in the Indictment;

    b. Second, the Defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

    c. Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

9. Defendant is advised and understands that he has the following rights:

    a. the right to plead not guilty and to persist in that plea;

    b. the right to a jury trial;

    c. the right to be represented by counsel – and if necessary have the Court appoint counsel to represent Defendant -- at trial and every other stage of the proceeding;

    d. the right at trial to confront and cross-examine adverse witnesses;

    e. the right at trial to compel the attendance of witnesses;

    f. the right at trial to be protected from compelled self-incrimination; and

    g. the right at trial to testify and present evidence but only if Defendant chooses to do so.

Defendant is further advised and understands that, if he pleads guilty and the Court accepts the plea, he waives all of these trial rights.

10. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer without limitation any questions asked by the Court.

11. In exchange for the government's concessions in this Agreement, the Defendant waives any right to appeal this conviction or to collaterally attack this conviction. Defendant reserves the right to appeal the sentence imposed in this case, and this Agreement does not prevent the Defendant from challenging the effectiveness of his attorney after conviction.

12. This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

13. This Agreement is binding on the government only if Defendant pleads guilty, fulfills all his obligations under this Agreement, does not engage in any conduct constituting obstruction of justice as defined in U.S.S.G. § 3C1.1, and does not commit any new offenses.

14. Defendant understands that if he violates this Agreement in any way, the government shall consider the Agreement to have been breached. In that event, Defendant shall not have the right to withdraw his guilty plea. The government, however, will be released from its obligations and restrictions imposed by the Agreement. The government may, in its sole discretion and without limitation, proceed with any one or more of the following steps:

    a.    go forward with the guilty plea and sentencing;

b.  make any and all sentencing recommendations that it deems appropriate;

c.  treat the Agreement as a nullity, that is, as though the parties had never entered into it, withdraw the Agreement, and go to trial on the information;

d.  pursue additional charges against Defendant; and

e.  use against Defendant, in this and in any other prosecution or proceeding, any and all information, statements, and testimony, including the stipulations made herein, that he has provided at any time to government representatives, the grand jury, or to the Court.

15.  This Agreement is limited to the District of the Northern Mariana Islands. It does not bind any other federal, state, or local authorities.

16.  This Agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced Defendant to enter this Agreement. Any additions, deletions, or modifications to this Agreement must be made in writing and signed by all the parties in order to be effective.

17.  Defendant understands that, pursuant to 18 U.S.C. § 3143(a), he is not eligible for release pending sentencing.

18.  Counsel for Defendant states that he has read this Agreement, been given a copy of it for his file, explained it to Defendant, and states that to the best of Counsel's knowledge and belief, Defendant understands the Agreement.

19. Defendant states that he has read the Agreement or has had it read to him, has discussed it with his Counsel, understands it, and agrees to its provisions.

DATED: JUNE 22, 2007

ARMAN ABBOT REDOR
Defendant

DATED: 6/22/07

COLIN M. THOMPSON, ESQ.
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
District of the Northern Mariana Islands

DATED: 6/25/07

ERIC S. O'MALLEY
Assistant U.S. Attorney